**JIAN GUO LIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

Docket No. 02–4378.

United States Court of Appeals, Second Circuit.

March 23, 2005.

Sunit K. Joshi, Joshi & Associates, PC, New York, NY, for Petitioner–Appellant.

Michael P. Drescher, Assistant United States Attorney, District of Vermont (Carol L. Shea, Assistant United States Attorney; David V. Kirby, Acting United States Attorney for the District of Vermont, on the brief), Burlington, VT, for Respondent–Appellee.

PRESENT: NEWMAN, STRAUB, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Jian Guo Lin ("Lin"), a native and citizen of the People's Republic of China ("China"), petitions this Court pursuant to section 242(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(b), for review of a July 16, 2002 decision of the Board of Immigration Appeals ("BIA"). The BIA summarily affirmed the decision of the Immigration Judge ("IJ") denying Lin's application for asylum and withholding of removal, denying him relief under Article 3 of the United Nations Convention Against Torture ("CAT"), and ordering his removal from the United States. We assume the parties' familiarity with the facts, decision below, and issues on appeal.

Where the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly. *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We generally treat an IJ's credibility determination as a factual finding subject to the substantial evidence standard, *id.* at 307, and reverse only where "no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden," *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000). Board precedent supports adverse credibility findings based on "inconsistent statements, contradictory evidence, and inherently improbable testimony." *Qiu v. Ashcroft,* 329 F.3d 140, 152 n. 6 (2d Cir. 2003) (internal quotation marks omitted).

An asylum applicant bears the burden of establishing that he experienced past persecution or has a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See Chen v. U.S. INS,* 359 F.3d 121, 126 (2d Cir.2004); 8 C.F.R. § 208.13(b). An applicant for withholding of deportation bears the greater burden of establishing that his "life or freedom would be threatened in [his native] country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). For an alien to obtain protection under Article 3 of the United

Nations Convention Against Torture, it must appear that, if returned to his country, he more likely than not would be tortured by, or with the acquiescence of, government officials acting under color of law. *Wang v. Ashcroft*, 320 F.3d 130, 133–34 (2d Cir.2003); 8 C.F.R. §§ 208.16(c), 208.17(a), 208.18(a).

Lin's account of the events that led to his application for asylum, as taken from his testimony before the IJ, is as follows: In 1992, his wife was forced by government officials to undergo an abortion because the couple had not obtained the required paperwork for her to have a child. As a result of this event, she was unable to conceive, and the couple instead adopted a baby girl from a couple who did not want to raise her. When the government discovered the adoption, in Spring of 1997, it fined Lin and his wife for failing to follow the legally prescribed adoption procedure. Even though Lin paid the fine, the government refused to register his daughter. When Lin argued with the birth control authorities about this in September 1997, they threatened to call the police. Fearing that he would be arrested and persecuted, Lin eventually fled China.

The IJ denied Lin's various claims, finding that there were significant gaps in his account and discrepancies between his 1–589, his testimony, and his documentation, and that the evidence did not suggest a likelihood that Lin would be tortured if he returned. Upon review of the record, we are satisfied that, contrary to Lin's position on appeal, the IJ did not base her decision on the absence of an abortion certificate or other documentation, the confusion at Lin's hearing as to the geographical relationship between Guang Dao (a district) and Lian Jiang (a county), or the questionable nature of the submitted notice of fine (apparently issued by a fishing company). Rather, the IJ's opinion identifies substantial discrepancies in Lin's account, such as his changing representations as to whether or not he feared being tortured, why his wife was subjected to a forced abortion, when all these events occurred, and whether adoption was permitted by the authorities.[1] Nor did the IJ base her denial of Lin's CAT claim solely on her adverse credibility finding. Rather, she based her denial on the objective evidence and, in particular, the lack of any allegation that Lin was ever arrested or that the police even looked for him in the several months between his alleged disagreement with the authorities and his departure.[2]

We have considered Lin's remaining arguments on this appeal and find that each of them is without merit.[3]

For the foregoing reasons the petition for review and motion for stay of removal are DENIED.

---

1. While it would have been preferable had the IJ taken slightly more care in questioning Lin as to the lack of certain documents and the questionable nature of others, we gather from the record that all parties had some difficulty questioning Lin, who frequently would not respond directly to straightforward questions.

2. Notably, it appears that, despite his argument with the authorities in September 1997, Lin in fact succeeded in obtaining a birth certificate from them.

3. Lin's argument that he is entitled to relief under the CAT as a returned asylum seeker was not raised below and is therefore waived. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 182, n. 4 (2d Cir.2004). We express no judgment as to whether this argument constitutes a sufficient ground for Lin to file a motion to reopen his case before the Board of Immigration Appeals pursuant to 8 C.F.R. § 1003.2.